Illinois Cent. R. Co. *et al. v.* Miller, State Revenue Agent.*

[106 So. 635.   No. 25160.]

(Division B.   Oct. 5, 1925.)

1. Taxation. *State tax commission acts judicially and is not party to litigation growing out of its assessments; where certiorari from state tax commission is taken to circuit court, commission is not entitled to appeal from judgment.*

   The state tax commission, in its function of assessing public corporations for taxation, acts in a judicial capacity, and is not a party to the litigation growing out of its assessments, and, where a *certiorari* is taken to the circuit court and judgment there rendered, the tax commission is not entitled to appeal.

2. Taxation. *Judgment on certiorari reversing judgment of state tax commission held "final judgment."*

   Where the state revenue agent sought to back assess a railroad company before the state tax commission, from whose judgment a *certiorari* is prosecuted to the circuit court, and that court reverses the judgment of the tax commission, but adjudges that the circuit court is without power to enter a judgment assessing taxes and without power to remand the cause to the tax commission, and adjudges costs against the appellee railroad company, such company is entitled to prosecute an appeal to the supreme court. Such judgment is a "final judgment" within the meaning of the statute granting appeals.

---

*Corpus Juris-Cyc. References; Taxation, 37 Cyc., pp. 1076, n. 74; 1124, n. 48; 1130, n. 90.

APPEAL from circuit court of Hinds county, first district.

HON. C. W. THIGPEN, Special Judge.

Application by W. J. Miller, state revenue agent, before the state tax commission, to back-assess the Illinois Central Railroad Company. From a judgment of the circuit court, on *certiorari,* the railroad company and the commission appeal. On motion to dismiss the appeals and on motion to advance the railroad company's appeal. Appeal of tax commission dismissed, motion to dismiss appeal of railroad company overruled, and motion to advance such appeal sustained.

See, also, 106 So. 636.

*W. S. Horton, R. V. Fletcher* and *May, Sanders & Mc-Laurin,* for appellant.

This petition for *certiorari* was filed under sections 72 and 73, Hemingway's Code. It was held by this court in *Gulf, etc. Ry. Co.* v. *Adams,* 85 Miss. 772, and *Yazoo, etc., R. R. Co.* v. *Adams,* 85 Miss. 772, that the railroad commission is an inferior tribunal within the meaning of section 73 and that *certiorari* would lie from this tribunal to the circuit court.

An appeal will lie to the supreme court only from final judgments of the circuit court. It is our earnest contention, however, that the judgment entered in this case is a final judgment within the meaning of the common-law rule upon the subject, as well as the rule which prevails in the state of Mississippi. We do not understand that the rule in Mississippi differs in any important respect from the rule at common law as recognized in the jurisprudence of the several states and of the federal court.

Now the question we have before us is whether this particular judgment is final. Certain considerations should be borne in mind. The case deals with a judgment rendered by an administrative body; namely, the state tax commission. This commission is not a court and

the statutes of Mississippi do not permit an appeal from the decision of the state tax commission directly to any court of the state of Mississippi· No appeal in a case of this kind can be prosecuted to the circuit court or to any other court from a judgment of the state tax commission. When we come to consider the proposition in the light of familiar authority, we think it is clear that the judgment is a final one from which an appeal may be prosecuted. The books, of course, abound in cases passing upon the question of whether a judgment is final. See 3 C. J., page 441. This familiar statement of a familiar rule of law, we insist, shows that, tested by the variously stated principles there laid down, the judgment in this case is essentially final in its nature. We call attention to a few cases illustrating the point for which we contend: *Railroad Commission of Texas v. Weld et al.,* 66 S. W. 1095; *Starkey et al.* v. *Starkey et al.,* 166 Ind. 140; *Carr et al.* v. *Duhne et al.,* 167 Ind. 76; *Hall et al.* v. *McDonald et al.,* 171 Ind. 9; *Thompson et al. v. Ferguson et al.,* 180 Ind. 312; *Buckler* v. *Safe Deposit & Trust Co., etc.,* 80 Atl. 899; *Hollis, Admr.,* v. *Caughman et ux.,* 22 Ala. 478; *Rogers* v. *The Boston Club,* 28 L. R. A. (N. S.) 743; *Sanders* v. *Bluefield Waterworks & Improvement Co.,* 106 Fed. 587.

It is clear from a casual reading of the text of 3 Corpus Juris, mentioned above, that the order here involved is appealable, since it disposes of the issue so far as the circuit court of Hinds county is concerned. In other words, this judgment has all the earmarks of finality. It purports to be a final disposition of the case in the circuit court. It adjudges costs and awards execution. Its actual operative effect is to require the railroad company to be assessed in some amount. Nothing remains for the circuit court to do in the premises, and indeed very little remains for the tax commission. The rights of the parties are finally settled so far as those rights were submitted to the circuit court for adjudication. It is familiar law that if a decree disposes of the substan-

tial merits of the case, it may be appealed, although there remains an accounting between the parties. See *Marion Coal Co.* v. *Peale,* 204 Fed. 161; 3 C. H., page 448.

It may be that the attention of the court will be drawn to *Madison County* v. *Frazier,* 78 Miss. 880. In that case, it was held that an order of the board of supervisors directing an assessment is not final until the assessment roll is approved and the board has adjourned. In that case the appeal was prosecuted on August 28, 1900, and under the statute the assessment roll was not approved until in September, after the appeal had been taken. The court held that the board of supervisors had made no final judgment and that an appeal could not be made until the September term had come and gone. Manifestly, cases of this character have no bearing upon the point we are discussing. If the circuit judge had merely rendered an opinion and had entered no final judgment disposing of the case so far as his court was concerned, then, of course, no appeal could have been taken until the judgment was rendered.

Perhaps the leading case in Mississippi, at least in modern times, is *G. & S. I. R. R. Co.* v. *Williams,* 109 Miss. 549. The case deals with the action of the trial court in permitting the plaintiff to take a voluntary nonsuit. The general authorities are reviewed and the conclusion is announced that a judgment of nonsuit based on the request of the plaintiff is not a final judgment, since there is nothing to execute upon affirmance and nothing could be done by the court below which would be superseded by appeal. But in the instant case the judgment for costs can certainly be executed, and if the judgment of the court belows stands, the action of the state tax commission will be canceled and annulled and the tax commission will have certified to it the judgment and opinion of the circuit court. The significant thing to remember in this connection is that the action of the circuit court annuls and cancels the order of the state tax commission, which was a finding that the Illinois Central

Railroad Co. was not responsible for any taxes under the notice served by the state revenue agent. That feature of the matter was definitely and finally settled.

*Rush H. Knox,* Attorney-General, for the state tax commission.

The tax commission bases its right to appeal upon section 94, Code of 1906 (section 76, Hemingway's Code). It was the opinion of the tax commission and of this department that the judgment rendered by the circuit court is violative of section 90, Code of 1906 (section 72, Hemingway's Code) and section 91, Code of 1906 (section 73, Hemingway's Code). These sections have been construed by this court in *Board of Supervisors* v. *Melton,* 123 Miss. 615, and so far as we have been able to ascertain this is the last utterance of the court upon the kind of judgment to be entered by the circuit court on a writ of *certiorari.*

It will be seen from this that there are only four judgments which can be rendered by the circuit court in a case of this character: (1) An order of dismissal; (2) an order or judgment affirming the judgment of the lower tribunal; (3) a judgment setting aside the former judgment and the entering of a proper judgment if such judgment is apparent from the record; (4) the trial of the case anew on its merits and a judgment in accordance with the facts developed in the trial *de novo,* the same as in cases tried *de novo* in ordinary appeals to the circuit court. None of such judgments was entered in the case at bar.

Under the law the tax commission is vested with discretion in passing upon assessments of railroad companies and other public utilities and exercises judicial functions in making said assessments, and are required by law to ''assess the property of railroads, telegraph, telephone, sleeping car, express company and other public service corporations liable to taxation in the state,

affixing its true value so that such property shall bear its just proportion of taxation, taking into consideration the value of the franchise, the capital stock engaged in the business in this state; and the state assessors of railroads and other public service corporations may adopt other and further rules necessary and proper to ascertain the value of property to be assessed by them, including the amount of capital engaged in the business in this state.'' Chapter 138, Laws of 1918.

The members of the tax commission are further bound by their oath of office to support the constitution of the state of Mississippi, including section 112 thereof. It will be seen, therefore, that it is the duty of the tax commission in making any assessment either for current or back taxes to see that the property is assessed according to its true value and by uniform rules, and it is specifically charged with the duty in assessing railroads and other public service corporations to affix the true value of such property so that such property shall bear its just proportion of taxation. And in discharging these duties, it is necessarily vested with discretion and must judicially determine these facts, and it is a universal rule, which we presume will not be denied, that a judicial officer or body cannot be controlled in the exercise of its discretion by mandamus or otherwise. This being true, if the judgment rendered in the present case is valid and binding upon the tax commission and if it must conform to the procedure prescribed in the opinion, the circuit court has done by indirection that which it could not do directly; that is, control the tax commission in the exercise of its discretion, for by this judgment the tax commission is required to enter an assessment against the Illinois Central Railroad Company ''at the figures requested by the state revenue agent.''

As to the finality of the judgment, we call the court's attention to the fact that under the opinion of the lower court, there remains nothing further for the tax commission to do in this case, but the clerical act of entering up

an assessemnt in such sums as the revenue agent may suggest. Certainly, that is final as to the commission.

The commission is named in the petition for *certiorari* as defendant and complied with the order to transmit all records to the circuit court, but did not appear in that court, presuming that it would enter some one of the judgments authorized by statute and being willing to abide by any of said judgments and anxious to correct all errors, if any committed by it. And while not directly in point, we call the attention of the court to *Edmonson* v. *Ramsey,* 122 Miss. 540, which is a *habeas corpus* case in which the writ was directed to the sheriff and upon a decree discharging a prisoner, the sheriff appealed and motion was made to dismiss the appeal because the sheriff was not an interested party. See, also, *State* v. *Gordon,* 105 Miss. 454.

In conclusion, if the judgment of the circuit court is binding upon the commission, it will cheerfully obey; but if not, and the matter is again brought before the commission it will exercise its best judgment and discharge its duties as it thinks proper and right but the commission has no desire to enter an assessment for approximately seven million eight hundred thousand dollars or any other amount, with the consequent unpleasant notoriety and prolonged litigation which will undoubtedly follow unless such an assessment will be upheld by the court. We request that if the appeal is dismissed, that the court will, in its opinion, outline the duties of the commission in this and similar cases which may arise.

I. *The appeal of the tax commission should be dismissed.* The tax commission sat as a *quasi*-judicial body, a court of first resort wherein this matter was first heard. That it constituted a *quasi*-judicial body was decided in *G. & S. I. R. R. Co.* v. *Adams,* 85 Miss. 772. Being a judicial body, the members have no interest in the lawsuit as will entitled them to an appeal, nor will they be adversely affected by a final decision in this case such as will entitle them to an appeal. 2 R. C. L., page 52.

II. *Brief on motion to dismiss appeal of Illinois Central Railroad.* With certain exceptions not here important, the sole right of each appeal from the circuit court to the supreme court in our state is granted by section 8, Hemingway's Code (section 33, Code of 1906). We thus see that it is only from final judgment that an appeal lies. See 3 C. J. 441 for definition of a *final judgment,* also 2 R. C. L. 40; Appeal of Norton, 78 Atl. 587, 94 Conn. 24.

A judgment is final when it terminates the litigation between the parties and leaves nothing to be done but to enforce by execution what has been determined. *Doudell* v. *Shoo,* 114 Pac. 579, 159 Cal. 449; *Heinz* v. *Butte & B. Consol. Min. Co.,* 129 Fed. 337, 64 C. C. A. 15. The whole purpose of the rule that only a final judgment can be appealed from is to avoid a multiplicity of appeals and so that one appeal to the supreme court can settle all features of this case.

If the supreme court determines this appeal, and should the case be decided in favor of the revenue agent, it will be necessary then for the case to go back before the tax commission to have the assessment made there. The railroad company could then appeal again by *certiorari* to settle the question of value and then re-appeal the same cause to this court and the rule above announced, both by common law and statute, that there can be an appeal only from a final judgment, would thereby be defeated and a multiplicity of appeals to this court would result from this act.

The order appealed from by the railroad company is not a final judgment as there are other things left to be done before the rights of the parties can be finally de-termined; to-wit, the assessment by the tax commission against the railroad company, and the fixing of the value of the capital stock engaged in the railroad business in Mississippi.

Sept., 1925] Illinois Cent. R. Co. v. Miller. 221

141 Miss.]                    Opinion of the Court.

Etheridge, J., delivered the opinion of the court.

The state revenue agent filed an application with the state tax commission to back-assess the Illinois Central Railroad Company on its capital engaged in the railroad business in Mississippi, for certain years therein set forth. Notice was given by the tax commission to the railroad company, and summons was issued by the tax commission for the company to appear and show cause, if any, why the assessment should not be made in accordance with the notice and that filed by the revenue agent.

The company appeared before the tax commission and answered the petition. An agreed statement of facts was entered into, and certain evidence introduced before the tax commission, whereupon the tax commission sought the advice of the attorney-general as to whether it should make the assessment as requested, and the attorney-general rendered an opinion to the tax commission in which he held that the company was not subject to such assessment. Thereupon the tax commission refused to make the assessment, and entered its order dismissing the application. The revenue agent then applied for and was granted a writ of *certiorari* to the tax commission to send a certified record of the cause to the circuit court. The regular circuit judge being disqualified by reason of relationship, recused himself, and a special judge was appointed to hear the proceeding. The cause was argued and submitted, and the special circuit judge held that the judgment of the tax commission was erroneous, and that the revenue agent should prevail in regard to the said assessment, but further held that the circuit court was without power to enter any judgment assessing the property in accordance with the petition and record; also that he was without power to remand the cause to the tax commission for further proceedings, and entered a judgment accordingly which he directed to be certified to the tax commission.

From the judgment of the circuit court, the Illinois Central Railroad Company prosecuted an appeal, and so did the tax commission, and the motion now before us is to dismiss each of those appeals.

The motion to dismiss the appeal of the tax commission is on two grounds: First, that the tax commission and the several members thereof have no interest in the outcome of the litigation; second, that the tax commission and the members thereof cannot be prejudiced by the final outcome of the cause.

The motion to dismiss the Illinois Central Railroad Company's appeal is on the ground that the judgment of the circuit court is not appealable, because it is not a final judgment.

In regard to the appeal by the tax commission, we are of the opinion that the tax commission is a *quasi*-judicial body, exercising, in the case of assessments, a judicial function, and that it is not a party to the litigation, but is a judicial body, in the first instance, passing upon the contentions of the revenue agent representing the state on the one hand and the railroad company, the defendant, on the other, and that it has no right to prosecute an appeal from the judgment of the circuit court reviewing its action. Therefore the appeal of the tax commission will be dismissed.

In regard to the appeal of the railroad company, we are of the opinion that the judgment of the circuit court in this case is one that disposes of the issues finally, so far as the circuit court is concerned. No further action is to be taken by the circuit court, under the circuit judge's opinion; he has no further power. And he also adjudged that he was without power to remand the cause to the tax commission, and he awarded costs against the railroad company. We think this is a final judgment within the common-law meaning of final judgments.

In our opinion, either party to the litigation has the right to appeal to this court from that judgment. If the circuit court had remanded the cause to the tax com-

mission for further proceedings, a different question would arise, but the judgment rendered by the circuit court disposes of the controversy according to the legal conception of the circuit court of that record. And the view that the circuit judge had, seemed to be that proceedings *de novo* would have to be taken.

It is important to both parties to the litigation that the legal questions involved be settled, and the appeal will be entertained, and the motion to dismiss overruled.

There is also a motion to advance in the event the appeal is retained, and, as the question involves the public revenue, we think the cause is entitled to advancement; and it will be advanced on the docket for hearing before Division B at its first sitting in November.

*Motion to advance sustained.*

HOLDEN, J., took no part in this decision.